Argued and submitted April 9, affirmed June 27, 1984

In the Matter of the Application
of John Kelley MacKillop for a
Writ of Habeas Corpus,

MacKILLOP,
*Respondent,*

*v.*

FOSTER,
*Appellant.*

(19,881; CA A30213)

683 P2d 146

Robert C. Cannon, Marion County Legal Counsel, Salem, argued the cause and filed the brief for appellant.

Charles D. Burt, Salem, argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, then over 21, was found in contempt by the Marion County Circuit Court, Juvenile Department, for failing to pay previously ordered restitution. He filed a writ of habeas corpus and sought his release on the ground that the circuit court had no jurisdiction to find him in contempt. The circuit court agreed and ordered his release. The sheriff appeals.

The issue is whether the circuit court, acting as the juvenile court, has jurisdiction to find a person over the age of 21 to be in contempt for failing to follow an order lawfully issued when he was under the age of 21. ORS 419.511 provides, in pertinent part:

"(1)   * * * [T]he period of any disposition [of any person within the jurisdiction of the juvenile court] shall not extend beyond the date on which the child becomes 21 years of age.

"(2)   * * * However, the period of probation shall not extend beyond the date on which the child becomes 21 years of age."

*See Dean v. Children's Services Division,* 57 Or App 521, 523 n 1, 645 P2d 581 (1982); *see also State v. Tripp,* 36 Or App 141, 583 P2d 591 (1978), *rev den* 285 Or 73 (1979).

The juvenile court was without authority to enforce its restitution order after plaintiff reached age 21. Therefore, it was error for the juvenile court to find plaintiff in contempt for failure to comply with the restitution order.[1] Habeas corpus relief was properly granted.

Affirmed.

---

[1] Because of strong public policy favoring restitution, this gap in the statute deserves legislative attention.